IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| The Original Public House, Inc. | ) | |
| EIN: XX-XXX0991 | ) | CASE NO. 19-83046-CRJ-11 |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| | ) | |

## **INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

This matter came before the Court on October 15, 2019 for an expedited hearing on Debtor's Emergency Motion for Use of Cash Collateral [Doc. 10] (the "Cash Collateral Motion"), filed by The Original Public House, Inc. (the "Debtor"), seeking the entry of an Interim Order authorizing the use by the Debtor of cash collateral, all of which cash collateral is presently subject to a security interest in favor of Bryant Bank ("Bryant"). Notice of the hearing on the Cash Collateral Motion was given by the Debtor to (i) the Bankruptcy Administrator; (ii) the Debtor's principal pre-petition secured creditor Bryant; (iii) the Debtor's 20 largest unsecured creditors; and (iv) those parties requesting notice. Notice of the Cash Collateral Motion has been given and has been served in accordance with §102(1) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure, which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested in the Cash Collateral Motion.

The Court has considered the Cash Collateral Motion and, based upon the record and the representations of counsel, there being no objections to the Cash Collateral Motion, after deliberation, and good and sufficient cause appearing therefore, the Court hereby FINDS as follows:

FILENAME \p

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 105 and 363 of the Bankruptcy Code (defined herein) and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Venue of this Chapter 11 case is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This Order shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules and be valid and binding on all parties in interest. Notwithstanding Bankruptcy Rules 6004(h), 6006(d), 7062 or 9014 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

B. On October 9, 2019 (the "Petition Date"), the Debtor filed the above-referenced bankruptcy case (the "Bankruptcy") seeking relief under Chapter 11 of Title of 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

C. As of the Petition Date, the Debtor was indebted to Bryant in the approximate amount of $140,000.00, which debt was secured by, among other things, a security interest in Debtor's inventory, equipment, accounts, deposit accounts, rights to payment, and general intangibles together with all other accessories, accessions, attachments, tools, parts, supplies, replacements of and additions thereto, all products and produce thereof and all proceeds of the foregoing, including insurance proceeds. Bryant perfected its security interest by filing a UCC-1 financing statement with the Alabama Secretary of State on February 19, 2014, and subsequently filing a continuation statement.

D. Debtor and Bryant agree, and a prima facie showing has been made, that Bryant held on the Petition Date, and continues to hold, a properly-perfected first priority security interest in its collateral including the Cash Collateral.

**IT IS THEREFORE ORDERED, ADJUDGED and DECREED** as follows:

1. The Debtor's Motion for Use of Cash Collateral pursuant to section 363 of the Bankruptcy Code is hereby **APPROVED** on an interim basis through and including October 28, 2019. As of the date of this Order, the Debtor is authorized to make the following expenditures from its cash collateral (the "Budget"):

   a. Sales Tax to ADOR:  $3,800
   b. City of Huntsville Sales Tax $4,600
   c. Madison County Sales Tax - $500
   d. Labor and Payroll -$17,500
   e. Inventory
      i. Chicken Wings: $5,700
      ii. U.S. Foods $8,100
      iii. Amazon:  $400
   f. Utilities $2,600
   g. Rent:  $3,500
   h. Cintas:  $280
   i. Comcast:  $400
   j. Bryant Bank $2,000

   **Total: $49,220.00**

2. The Debtor shall not use Cash Collateral in any manner or in any amount other than as authorized specifically by this Order.

3. The Debtor will establish a Debtor-in-Possession bank account with Progress Bank or some other Bank, which account complies with all applicable requirements of the Bankruptcy Administrator's Office for the Northern District of Alabama, designated in the following manner: "The Original Public House, LLC, Debtor-in-Possession - Operating Account, Case Number 19-83046" (hereinafter "DIP Account").

4. As adequate protection to Bryant for the use of the Cash Collateral, Bryant is hereby **GRANTED** a replacement lien in all future accounts and accounts receivable of the Debtor (both pre-petition and post-petition) and proceeds thereof to the extent and with the same priority that Bryant

3

held in the Debtor's pre-petition accounts receivable (the "Replacement Liens"). The Replacement Liens granted are in addition to the liens and security interests existing in favor of such creditors on the Petition Date and are automatically deemed perfected as of the Petition Date without the necessity of the execution, filing or recordation of any financing statements, security agreements or any other filings with any filing office. The Replacement Liens are subject and subordinate only to the Carveout (as hereinafter defined). As additional adequate protection, the Debtor shall pay Bryant the sum of $1,000 per week payable on October 18, 2019 and October 25, 2019, as reflected in the Budget.

5. As used in this Motion, "Carveout" means (i) the unpaid fees of the Clerk of the Bankruptcy Court and the Office of the United States Bankruptcy Administrator pursuant to 28 U.S.C. § 1930(a) and (b) (the "Statutory Fees"), and (ii) the aggregate allowed unpaid fees and expenses payable under Sections 330 and 331of the Bankruptcy Code to any professional persons retained by an order of this Court.

6. A Final Hearing on the Motion for Use of Cash Collateral is hereby scheduled for **October 28, 2019 at 1:30 p.m.** at the Federal Building, 400 Well Street Decatur, Alabama 35601.

Dated this the 16th day of October, 2019.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

This order prepared by:

Kevin D. Heard
Heard, Ary & Dauro, LLC
303 Williams Avenue, Suite 921
Huntsville, AL 35801
*Attorney for the Debtor*

This order reviewed and approved by:

Kevin Gray
Bradley Arant Boult Cummings LLP
200 Clinton Avenue W, Suite 900
Huntsville, AL 35801
*Attorney for Bryant Bank*

Richard Blythe
Bankruptcy Administrator
P.O. Box 3045
Decatur, AL 35602-3045
*Bankruptcy Administrator*