IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE: )
)
THE ORIGINAL PUBLIC HOUSE, INC. ) BANKRUPTCY CASE NO: 19-83046-CRJ
)
DEBTOR. ) CHAPTER 11

MOTION TO DISMISS CHAPTER 11 CASE

Comes now the United States of America in behalf of the Internal Revenue Service (hereafter referred to as the "IRS") by and through its counsel Jay E. Town, United States Attorney for the Northern District of Alabama pursuant to 11 U.S.C. § 1112(b) and files this Motion to Dismiss Chapter 11 Case. As grounds for this motion, the United States of America asserts as follows:

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on October 10, 2019.

2. As of the petition date, the Debtor was indebted to the IRS in the sum of $527,300.00 as is reflected on the proof of claim filed by the IRS on November 1, 2019. The entire amount of the IRS claim is estimated because at the time the claim was prepared, the IRS did not have evidence that the Debtor had filed the Form 941, THE Form 940 and Form 1120 tax returns for the tax periods listed on the IRS claim as "Estimated-SEE NOTE". A copy of the proof of claim filed by the IRS is attached hereto as Exhibit A.

3. On October 17, 2019, the Bankruptcy Administrator filed the Notice of Chapter 11 Operating Procedures ("Notice").

4. On October 17, 2019, the Court entered an Order on Chapter 11 Operating Procedures ("Order"). The Order on the BA's Notice provided an opportunity for any party to

object to the terms of the Notice. No objection was filed to any provision of the Notice and pursuant to the terms of the Order, the terms of the Notice became effective of October 25, 2019.

5. Pursuant to Paragraph G of the Chapter 11 Operating Procedures, within three work days after each regular payroll, the Debtor was required to pay to the IRS withheld or collected taxes in the form of a Federal Tax Deposit. Further, within three work days after each quarterly period, the Debtor was required to pay to the IRS the federal unemployment tax in the form of a Federal Tax Deposit.

6. The IRS asserts that since the petition date, the Debtor has been operating its business and has remitted payroll to its employees. The IRS asserts that while the Debtor has made payroll to its employees, the Debtor has failed to remit to the IRS the withheld or collected employment taxes in the form of a Federal Tax Deposit. Further, the IRS asserts that while the Debtor has made payroll to its employees, the Debtor has failed within three work days after each quarterly period, remit to the IRS the federal unemployment tax in the form of a Federal Tax Deposit. The IRS submits that the Debtor has filed to comply with Paragraph G of the Chapter 11 Operating Procedures. This constitutes cause for dismissal in accordance with 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(E).

7. Pursuant to the terms of the Chapter 11 Operating Procedures, Paragraph K, the Debtor is required to file with the Clerk, not later than the fifteenth day of the next succeeding month or part of a month after the entry of an order for relief under Chapter 11, Title 11, of the United States Code, which accurately reflects, in reasonable detail, the business transacted by the debtor and the results thereof and the condition of the bankruptcy estate and its assets.

8. The Debtor has filed to comply with Paragraph K of the Chapter 11 Operating Procedures, as the Debtor has failed to file with the Clerk the Monthly Operating Report for the

month of October, 2019, November 2019 and the month of December 2019. This constitutes cause for dismissal in accordance with 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(E).

9. The IRS asserts that since the filing of the case, the Debtor has paid wages to its employees but has failed to remit the IRS any federal tax deposits (FICA and FUTA) attributable to the payment of the wages for the period October 10-31, 2019, the month of November 2019, the month of December 2019, the month of January 2020 and the month of February 2020. The Debtor's failure to remit all post-petition tax deposits to the IRS represents a continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation. This constitutes cause for dismissal in accordance with 11 U.S.C. §§ 1112(b)(1), 1112(b)(4)(A) and 1112(b)(4)(I).

10. The IRS submits that it is in the best interest of the IRS and the creditors of the bankruptcy estate to have this case dismissed.

Wherefore, based on the foregoing grounds, the United States of America moves this Honorable Court for the following relief:

a. Grant the Motion to Dismiss; and,

b. Grant the IRS such further and different relief as is equitable and just.

    Respectfully submitted,

    JAY E. TOWN
    UNITED STATES ATTORNEY
    */s/ Richard E. O'Neal*
    Richard E. O'Neal
    Assistant United States Attorney
    U.S. Attorney's Office
    1801 Fourth Avenue North
    Birmingham, Alabama 35203
    (205) 244-2001

CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing has been served upon the following by electronic mail or first-class United States Mail, properly addressed and postage prepaid on this the 12th day of February 2020.

Mr. Kevin D. Heard
Heard, Ary & Dauro, LLC
303 Williams Avenue SW
Park Plaza Suite 921
Huntsville, AL 35801

Mr. Richard Blythe
Bankruptcy Attorney
Office of the Bankruptcy Administrator
P.O. Box 3045
Decatur, Alabama 35602

                                            */s/Richard E. O'Neal*
                                            RICHARD E. O'NEAL
                                            Assistant United States Attorney